IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER E. McDOWELL,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1646 |
| | : | |
| DEPARTMENT OF HUMAN<br>SERVICES, *et al.*,<br>    Defendants. | :<br>:<br>: | |

<u>MEMORANDUM</u>

**GOLDBERG, J.**                                                                                                                    **August 11, 2023**

Currently before the Court are a Motion to Proceed *In Forma Pauperis* and a civil Complaint filed by Plaintiff Jennifer E. McDowell that raises claims against the Department of Human Services ("DHS"), Apple Tree Family Central, and Lutheran Settlement House based on a DHS investigation against McDowell and a related on-going conspiracy affecting her life. (ECF Nos. 1 & 2.)  For the following reasons, the Court will grant McDowell leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice.  The Court will also direct McDowell to show cause as to why she should not be subjected to an injunction prohibiting her from filing any new civil cases against DHS or others based on the alleged DHS investigation and conspiracy underlying the claims in this case unless she is represented by counsel and pays the fees to commence a civil action.

**I.      FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

---

[1] The following facts are taken from the Complaint and the publicly available dockets for prior civil actions filed by McDowell, of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v.*

In October 2021, McDowell began filing a series of lawsuits against the Department of Human Services ("DHS"), its employees, and others, based on allegations that they were involved in a broad conspiracy to harass her and destroy her life in connection with a DHS investigation against her. *See McDowell v. Dep't of Hum. Servs.*, Civ. A. Nos. 21-4756, 22-667, 22-1147 (E.D. Pa.); *see also McDowell v. Dep't of Hum. Servs.*, No. 22-1147, 2022 WL 970853, at *1-3 (E.D. Pa. Mar. 31, 2022) (detailing McDowell's filing history). Judge Robreno was assigned to McDowell's cases and ultimately dismissed all three of them upon screening McDowell's complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) after granting her leave to proceed *in forma pauperis*. *See McDowell*, 2022 WL 970853, at *1-3.

McDowell's first case, which was filed against DHS and an employee of the "Northwest Treatment Center," was dismissed as factually baseless due to the "scope of [the] alleged conspiracy against [her] and the attribution of every day adverse events to [the] conspiracy." *McDowell v. Dep't of Hum. Servs.*, No. 21-4756, 2022 WL 394756, at *4 (E.D. Pa. Feb. 9, 2022) (observing that "[t]he gist of McDowell's allegations in this case is that DHS is attempting to destroy her life by constantly surveilling her, turning her employers, landlords, relatives, and others against her, and interfering with her day-to-day life by, among other things, encouraging others to 'gang-stalk' and harass her"). McDowell's second case, which was filed in February 2022 against DHS, Apple Tree Family Central Intake Center, Lutheran Settlement House, and others, "repeat[ed] similar allegations to those raised in [her first case]" for example, that "in connection with its investigation of her and its open cases against her, DHS participated in 'Gang stalking' by using her landlord and employers in a plot against her, which deprived her of

---

*United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

housing and opportunities to earn an income." *McDowell v. Dep't of Hum. Servs.*, No. 22-0667, 2022 WL 580508, at *2 (E.D. Pa. Feb. 25, 2022). Judge Robreno dismissed McDowell's claims against DHS as barred by claim preclusion, and also concluded that the complaint should be dismissed in its entirely as lacking a basis in fact for the same reasons McDowell's first case was dismissed.[2] *McDowell v. Dep't of Hum. Servs.*, No. 22-0667, 2022 WL 580508, at *4 (E.D. Pa. Feb. 25, 2022) ("Given the complexity of this alleged conspiracy, including its scope, duration, and character, the Court concludes that McDowell's allegations lack a basis in fact."). McDowell's third complaint, filed in March 2022 against DHS, was dismissed as barred by claim preclusion. *McDowell v. Dep't of Hum. Servs.*, No. 22-1147, 2022 WL 970853, at *4 (E.D. Pa. Mar. 31, 2022) ("[I]t is readily apparent that McDowell's Complaint in the instant civil action is based on the same series of events at issue in her prior cases, Civil Action Numbers 21-4756 and 22-667, both of which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).").

In dismissing McDowell's "third unsuccessful lawsuit . . . about the DHS investigation against her," Judge Robreno "placed [McDowell] on notice that if she files any new lawsuits based on the DHS investigation, the Court may subject her to a prefiling injunction, even if she names new Defendants or attempts to assert claims based on new legal theories." *Id.* (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990)). She filed a new lawsuit in November 2022 against Judge Robreno, which was assigned to the undersigned and which raised claims based on Judge Robreno's handling of McDowell's third case. *See McDowell v. Robreno*, Civ. A. No. 22-4404 (E.D. Pa.). After granting McDowell leave to proceed *in forma*

---

[2] Claims raised on behalf of McDowell's children were dismissed without prejudice for lack of standing. *McDowell v. Dep't of Hum. Servs.*, No. 22-0667, 2022 WL 580508, at *3 (E.D. Pa. Feb. 25, 2022).

3

*pauperis*, the Court dismissed her lawsuit as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because McDowell's claims were barred by absolute judicial immunity. *See McDowell v. Robreno*, No. 22-4404, 2022 WL 17487736, at *2 (E.D. Pa. Dec. 7, 2022) ("Since it is apparent that McDowell's claims are based on Judge Robreno's handling of Civil Action Number 22-1147, to which he was assigned, Judge Robreno is entitled to absolute judicial immunity from McDowell's claims.").

McDowell's pending Complaint, filed April 30, 2023, is her fourth effort to sue DHS and other entities whom she claims have participated in an ongoing conspiracy against her driven by a DHS investigation or investigations that at some point led to the removal of her children from her care and adversely affected her life in several respects. She indicates that she is raising constitutional claims,[3] presumably pursuant to 42 U.S.C. § 1983, in connection with her allegation that a "DHS investigator created non-existant [sic] probable cause, exploited my jobs soliciting my (utilizing) employer & co-worker to create a reality for me that includes covert agent – intimate [illegible]." (Compl. at 2.)[4] McDowell appears to be alleging that between 2014 and 2018, DHS opened an investigation against her while she was living in Harrisburg and that DHS followed her when she moved to King of Prussia. (*Id.* at 6.) McDowell claims that DHS "set up demise and devastation" for her and her children "to move into knowing that [they] were not prepared to go against the legal action and attacks of domestic terroristic actions and disparities that [DHS] implemented in their investigation against black and brown people." (*Id.*)

---

[3] The Complaint contains quotes from legal cases and legal briefs on the topic of due process in the child welfare context, but it is unclear how these quotes relate to McDowell's claims. In any event, unsupported legal principles are not entitled to any weight in determining whether McDowell has stated a basis for a claim.

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

In that regard, McDowell alleges that DHS or others at the direction of DHS "implement[ed] 24/7 days a week mental torture (environmental stimuli-mechanisms) that trigger intentionally (operant conditioning)" to essentially force an outcome "for dependency in a child welfare case." (*Id.* at 6-7.) These efforts also allegedly caused McDowell and her family to lose their housing. (*Id.* at 7.) McDowell further asserts that DHS investigators "restart[ed] an investigation immediately year after year using accumulated real time surveillance" in an effort to effect numerous areas of her life. (*Id.* at 9; *see also id.* at 12 (alleging that DHS caused McDowell to lose cars, has "attack[ed] [her] drivers license with fake ticketing profiling," and has destroyed her employment by spreading false rumors about her).) In addition to her constitutional claims, McDowell appears to be bringing state law claims under various Pennsylvania statutes, including those relating to wiretapping and criminal law. (*Id.* at 10-11.) She seeks unspecified injunctive relief and a temporary restraining order.[5] (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court grants McDowell leave to proceed *in forma pauperis* because it appears that she is not capable of prepaying the fees to commence this civil action. Accordingly, the Court must dismiss McDowell's Complaint if, among other things, it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

---

[5] McDowell also filed an "Emergency Motion for [a] Preliminary Injunction and Temporary Restraining Order," which the Court denied. (ECF Nos. 3 & 4.)

baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id*. "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

### III.    DISCUSSION

#### A. McDowell's Complaint Will Be Dismissed

McDowell's claims are precluded in light of the dismissal of her prior cases based on the same subject matter. "Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim

preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit."  *Id.* at 231-32.  "Claim preclusion similarly reaches theories of recovery:  a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same."  *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

      Three elements are required for claim preclusion to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim."  *Gimenez*, 202 F. App'x at 584.  With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty.  *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008).

      It is readily apparent that McDowell's Complaint in the instant civil action is based on the same series of events at issue in her prior cases, which were dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  All of the Defendants named in this case have been previously named by McDowell in her prior lawsuits.  The final judgments in those lawsuits preclude McDowell from reasserting her claims in this lawsuit, whether based on the same or new legal theories.

In the event any of McDowell's claims could arguably be said to survive preclusion, they nevertheless fail because, as in her prior cases, her allegations rise to the level of factual baselessness.  *See, e.g.*, *West v. United States*, 779 F. App'x 148, 149 (3d Cir. 2019) (*per curiam*) ("After carefully reviewing West's lengthy complaint and his voluminous attachments, we agree with the District Court that dismissal was proper, as West seeks relief based on his contention that he has suffered a 'covert civil death' over the course of decades due to the alleged actions of countless individuals across the world."); *Lewis-Davis v. PEC-Gloria's Place*, No. 21-2180, 2021 WL 3271150, at *4 (E.D. Pa. July 28, 2021) (concluding that allegations lacked basis in fact when plaintiff alleged that a shelter where she was staying was "misusing her private electronic communications against her" to retaliate against her for filing complaints about a former employer in a different state); *Khalil v. United States*, No. 17-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (finding plaintiff's allegations "wholly incredible" when he alleged "a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors").  This conclusion provides an alternative basis for dismissal.

### B. Show Cause

The Court will direct McDowell to show cause as to why she should not be subject to a pre-filing injunction.  "When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, . . . [the court] is entitled to resort to its power of injunction and contempt to protect its process."  *Abdul-Akbar*, 901 F.2d at 333.  The All Writs Act, 28 U.S.C. §

1651(a), provides a district court with the ability enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants." *Brow*, 994 F.2d at 1038. First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038.

As explained above, this is McDowell's fourth meritless case based on the same or similar factual allegations about a wide-ranging DHS conspiracy against her. McDowell filed her recent case despite Judge Robreno's warning that doing so could subject her to a pre-filing injunction. Accordingly, the Court concludes that an injunction is necessary to prevent McDowell from filing further repetitive, baseless lawsuits. *See Kent v. Philadelphia Dep't of Hum. Servs.*, 813 F. App'x 736, 738 (3d Cir. 2020) (*per curiam*) ("The District Court reasonably concluded that these repeated, meritless lawsuits predicated on the same allegations warranted restrictions on Kent's litigating opportunities."); *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 824 (3d Cir. 2019) (*per curiam*) (pro se litigant's "series of meritless lawsuits show[ed] an abuse of the court system and an unwillingness to accept adverse judgments that, because it [was] likely to continue, warrant[ed] restrictions on [litigant's] litigating opportunities").

9

The Court is mindful that any proposed injunction must be narrowly tailored. McDowell filed her cases *pro se* and, in each case, took advantage of *in forma pauperis* status. Additionally, McDowell's Complaints all focused on the same DHS investigations and related conspiracy, allegedly motivated by DHS, and often included numerous other Defendants who allegedly participated in the conspiracy. Taking these factors into consideration, the Court concludes that it is appropriate to preclude McDowell from filing any additional lawsuits about the DHS investigations against her and the related conspiracy underlying her claims in this case and her three prior cases — Civil Action Numbers 21-4756, 22-667 and 22-1147 — unless she is represented by counsel and pays the fees to commence the case. *See Kent*, 813 F. App'x at 738 (affirming injunction prohibiting filing of lawsuits based on duplicative subject matter where "[u]nder the injunction, Kent retained the right to file lawsuits based on other allegations against Philadelphia DHS or any other defendant"); *Yoder*, 765 F. App'x at 824. (affirming injunction prohibiting litigant from filing new cases about repetitive subject matter where she could file new cases about unrelated matters). This proposed injunction is directly proportional to McDowell's abusive litigation activity in this Court. *Tilbury v. Aames Home Loan*, 199 F. App'x 122, 127 (3d Cir. 2006) (injunction prohibiting litigants from filing repetitive cases related to their mortgage and against numerous defendants was narrowly tailored where injunction prohibited filing of newly filed pro se cases and required representation by a licensed attorney).

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant McDowell leave to proceed *in forma pauperis* and dismiss her Complaint. The Court concludes that amendment would be futile because McDowell cannot cure the defects noted above. McDowell will also be directed to show

cause as to why the Court should not issue a prefiling injunction that prohibits her from filing any additional lawsuits about the DHS investigations against her and the related conspiracy underlying her claims in this case and her three prior cases — Civil Action Numbers 21-4756, 22-667 and 22-1147 — unless she is represented by counsel and pays the fees to commence the case. An appropriate Order follows, which dismisses this case.